UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DARLINE VEILLARD,**

      **Plaintiff,**

v.

**FEDEX GROUND PACKAGE SYSTEM, INC.,**

      **Defendant.**

Case No. 2:23-cv-00768
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on a notice of removal (Not. of Removal, ECF No. 1) and motion to dismiss or in the alternative, motion for a more definite statement (Mot., ECF No. 4) filed by Defendant FedEx Ground Package System, Inc. Plaintiff Darline Veillard failed to respond to the FedEx's Motion. For the reasons set forth below, the Court **ORDERS** briefing on the amount-in-controversy requirement, and the Motion is **DENIED WITHOUT PREJUDICE.**

## I. BACKGROUND

Proceeding *pro se*, Ms. Veillard brings this action against FedEx under Ohio Revised Code § 4112, which broadly prohibits unlawful discrimination in the employment context. (Compl., ECF No. 3.) Ms. Veillard's one-paragraph Complaint alleges that she was hired by FedEx while pregnant, but she could not complete her orientation due to pregnancy sickness and was told to come back when she felt better. (*Id.*) When she returned to work after giving birth, she again felt ill, contacted the human resources department, and the department told her that she had been approved for two weeks of parental leave. (*Id.*) She alleges that one week into her two weeks of leave, she was terminated because of "job abandonment." (*Id.*)

1

Ms. Veillard originally filed this action in state court (Compl.), and FedEx removed it to this Court (Not. of Removal). FedEx cites diversity jurisdiction as its basis for removal under 28 U.S.C. § 1332. (*Id.*, PAGEID 2.) FedEx concedes that the Complaint does not include specific allegations of damages, but nonetheless FedEx postulates that the amount in controversy "more likely than not exceeds $75,000." (*Id.*, PAGEID 3.) In drawing this conclusion, FedEx speculates that Ms. Veillard may recover economic damages from lost wages and benefits, non-economic damages from emotional distress, and potentially punitive damages. (*Id.*, PAGEID 3–4.)

FedEx now moves to dismiss Ms. Veillard's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. (Mot.) The Court need not address the merits of FedEx's Motion however, because the Court is concerned that it may lack subject matter jurisdiction over this action.

## II. ANALYSIS

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (internal citations omitted). Therefore, "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). As such, this Court may *sua sponte* review whether subject matter jurisdiction exists.

When the Court's subject matter jurisdiction is uncertain, as it is here, then this Court must strictly construe the removal statutes and resolve any doubts in favor of remand. *See*

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (calling for strict construction of statutes regulating the jurisdiction of federal courts); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).  A federal district court has diversity jurisdiction if (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and (2) the citizens are diverse, meaning they are "of different States." 28 U.S.C. § 1332(a). When a case is removed from state to federal court, based on diversity jurisdiction, the defendant carries the burden of proving that the amount-in-controversy requirement is satisfied. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

      At the outset, the defendant need only make a short and plain statement regarding the amount in controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014) (citing 28 U.S.C. § 1446(a)). When a plaintiff contests, or the court questions, whether the amount in controversy exceeds $75,000, the defendant must submit evidence to prove by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied.  *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *see Heartland of Portsmouth, OH, LLC v. McHugh Fuller Law Group, PLLC*, 2015 U.S. Dist. LEXIS 19780, 2015 WL 728311 (S.D. Ohio Feb. 19, 2015) (Dlott, J.) (remanding where the amount in controversy remained speculative and the defendant failed to prove the amount in controversy exceeded the threshold, despite requests for injunctive relief and attorneys' fees). The existence of the amount in controversy must be proven based on the facts as of the time the action arrives from state court. *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 323 (6th Cir. 2015).

      A review of the Notice of Removal and Complaint suggests that the requisite amount-in-controversy requirement may not be met. The Court is left to speculate whether the amount in

3

controversy in this case exceeds $75,000. As such, the Court **ORDERS** briefing on the amount-in-controversy requirement.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** briefing on the amount-in-controversy requirement. FedEx must file its brief **WITHIN FOURTEEN DAYS** of the date of this Opinion and Order. Ms. Veillard has **SEVEN DAYS** to file a response, if any. There shall be no reply. The Court **DENIES WITHOUT PREJUDICE** FedEx's Motion. (ECF No. 4.)

**IT IS SO ORDERED.**

**11/21/2023**  **s/Edmund A. Sargus, Jr.**
**DATE**    **EDMUND A. SARGUS, JR.**
     **UNITED STATES DISTRICT JUDGE**